### No. 177
### BARSKY v. WOODS et

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6142.   Decided Dec. 7, 1925

229. CHATTEL MORTGAGE—To be enforceable at law, a chattel mortgage must comply with 8564 GC. as to affidavit of mortgagee, and with 8561 GC. as to filing with county recorder.

SULLIVAN, J.

Error proceedings from an action in the Cleveland Municipal Court, wherein one Harry Barsky, in his petition in replevin, set forth the allegations that William Woods, unlawfully held and detained a certain Cadillac coupe upon which he (Barsky) held a chattel mortgage.

It appears from the evidence that Nathaniel Barsky, brother of Harry Barsky, owned said Cadillac coupe; that on May 9, 1923 he executed a note and chattel mortgage on said automobile to Harry Barsky, to secure a loan of $1500; that oath and acknowledgment on said chattel mortgage is dated April 9, 1923; that said mortgage was filed for record on May 19, 1923, in the office of the recorder of Jefferson and Ashtabula counties; that at the time of such filings the said Nathaniel Barsky lived with his brother Harry Barsky, in Ashtabula County.

It further appears that Woods obtained possession of said automobile by being the highest bidder at a judicial sale ordered to satisfy a judgment of $500 against Nathaniel Barsky. This action was brought by Harry Barsky, to recover possession of said automobile under the terms and provisions of the mortgage. Judgment in the lower court was in favor of Woods. The Court of Appeals held:

1. The alleged mortgage and loan being dated May 9, 1923, and the affidavit being dated April 9, 1923, such discrepancy in the dates is fatally defective to the validity of the mortgage.

2. Sec. 8564 GC. requires that such chattel mortgage be under oath as to the amount and that the claim is just and unpaid. It is apparent from the face of the mortgage that if there was no loan until one month after such affidavit, said mortgage was not in compliance with the statute.

3. The question also arises as to whether or not 8561 GC. was properly complied with in filing said mortgage with the Ashtabula county recorder. The evidence introduced is insufficient to prove the residence of the mortgagor in said county.

4. The evidence submitted is insufficient to prove the claims of the said Harry Barsky.

Attorneys—J. M. Namen for Barsky; Reul A. Lang for Woods; all of Cleveland.